**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JANETH LOPEZ ROJAS,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. ED CV 26-1437 FMO (MAA)

**ORDER RE: APPLICATION FOR PRELIMINARY INJUNCTION**

The court has reviewed and considered all the briefing filed with respect to Janeth Lopez Rojas's ("petitioner") Application for a Preliminary Injunction (Dkt. 4, "Application"). Respondents concede that petitioner is a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, 2025 WL 3288403, *9 (C.D. Cal. 2025), and state that "to the extent Petitioner would be entitled to any remedy via the Preliminary Injunction Application, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (See Dkt. 8, Response to Petitioner's Application ("Response") at 2). This is the only claim respondents address in their Response. (See, generally, id.). In other words, respondents otherwise fail to address or provide any response to petitioner's due process claim. (See, generally, id.); (see Dkt. 4, Application at 2, 15-17). Accordingly, the court construes respondents' failure to address petitioner's due process claim as a concession. See, e.g., Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's response to the

petition failed to respond to numerous claims raised in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's Application **(Document No. 4)** is **granted** as set forth in this Order.

2. Respondents shall release petitioner forthwith with all personal effects seized from petitioner, including all identification documents and immigration documentation. Respondents shall not impose any release restrictions (e.g., electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

3. Respondents shall file with the court a Notice of Compliance within twenty-four (24) hours of releasing petitioner.

4. Respondents shall not re-detain petitioner during the pendency of these proceedings without providing petitioner with, at minimum, individualized notice describing the change in circumstances necessitating her arrest and/or detention, and a pre-deprivation bond hearing before an immigration judge. Petitioner shall not be detained unless respondents demonstrate at the pre-deprivation hearing that petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

5. The parties shall meet and confer no later than **April 24, 2026**, to discuss what, if anything, remains to be done with respect to the Petition (Dkt. 1).

6. Should the parties agree there is nothing further for the court to decide, they shall file a stipulation and proposed dismissal order no later than **April 27, 2026**.

7. If the parties disagree as to whether anything remains to be decided with respect to the Petition, then the parties shall file a joint status report. The status report shall, at a minimum, include the parties' positions on the following: (1) what issues remain for decision; (2) with respect

to each issue, whether both parties intend to stand on briefing already filed, and if so, pointing the court to the specific docket entries and page numbers that provide the relevant briefing on each of the issues that remain; (3) if either party believes further briefing is necessary, proposing a schedule for such briefing and lodging a proposed briefing order; and (4) whether the parties agree to consent to the assigned Magistrate Judge for all purposes.[1] If mootness is one of the issues that remain for decision, the parties shall address the issue in the joint status report. The parties' joint status report shall be filed no later than **April 27, 2026**.

8. Failure to file a stipulation or a joint status report by the deadlines set forth above may be deemed as a concession that no further relief is available and that the action may be dismissed without prejudice.

Dated this 17th day of April, 2026.

/s/
Fernando M. Olguin
United States District Judge

[1] If the parties consent to the assigned Magistrate Judge, they may file a Consent to Magistrate Judge (form CV-11D) in lieu of a joint status report by the above deadline.